UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21316-CIV-SEITZ/SIMONTON

MARIA ELENA LOPEZ,

    Plaintiff,

vs.

FIRSTBANK PUERTO RICO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION RE:
## FAIR AND REASONABLE SETTLEMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court upon Plaintiff's Notice of Settlement (DE # 16), which states that the case has settled.  The parties also submitted to the chambers of the undersigned United States Magistrate Judge an executed copy of the parties' Confidential Settlement Agreement and General Release.  This matter has been referred by the Honorable Patricia A. Seitz, United States District Judge, to the undersigned for purposes of conducting a fairness hearing regarding the parties' settlement (DE # 18). On August 24, 2012, the undersigned held a telephonic fairness hearing (DE # 20).

This case involves claims for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219 ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues."  *Id*.  The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation.  *Id.* at 1354.

Accordingly, the undersigned has considered the terms of the parties' settlement, the allegations made in the Complaint (DE # 1), and the statements made by counsel at the fairness hearing, as well as the pertinent portions of the record, and is otherwise fully advised in the premises.  Based thereon, the undersigned concludes in this case that there is a bona fide dispute over FLSA provisions.  The undersigned finds that the compromise reached by the parties under the terms of the parties' settlement agreement is a fair and reasonable resolution of the parties' bona fide disputes, and the amount of attorney's fees is also fair and reasonable.

At the fairness hearing, the parties made an *ore tenus* joint motion to approve the parties' settlement and dismiss the case, with prejudice.  The parties also requested at the hearing that the Court retain jurisdiction over this case until September 28, 2012, to enforce the terms of the parties' settlement agreement.  Accordingly, it is hereby

**RECOMMENDED** that the terms of the parties' Confidential Settlement Agreement and General Release be **APPROVED**.  It is further

**RECOMMENDED** that the parties' joint *ore tenus* motion to approve the settlement and to dismiss the case with prejudice be **GRANTED**, and that this matter be **DISMISSED** with prejudice with each party to bear its own attorney's fees and costs except as otherwise provided in the parties' settlement agreement.

The parties stated at the fairness hearing that they do not intend to file objections to this Report and Recommendation and, thus, the case may be dismissed with prejudice without further delay. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** at Miami, Florida, this 31st day of August, 2012.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,
    U.S. District Judge
All counsel of record